**IN THE COURT OF APPEALS OF IOWA**

No. 16-0119
Filed March 23, 2016

**IN THE INTEREST OF A.F.,**
**Minor Child,**

**S.A., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Jessica L. Wiebrand, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman and Kathrine S. Miller-Todd, Assistant Attorneys General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2012. She contends (1) the State failed to meet its burden of proving the grounds for termination cited by the district court and (2) termination was not in the child's best interests.

## I.	*Grounds for Termination*

The district court terminated the mother's parental rights pursuant to two statutory provisions. We may affirm if we find clear and convincing evidence to support either ground. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Our de novo review of the record reveals the following pertinent facts. The mother began using drugs when she was twelve or thirteen years old and continued to use them for most of the ensuing fifteen years. Initially, she consumed alcohol and marijuana. Later, she added cocaine, opiates, and methamphetamine.

The mother voluntarily terminated her parental rights to two older children based in part on her substance abuse. The child who is the subject of this action tested positive for methamphetamine at birth. The mother consented to his removal. She subsequently underwent inpatient drug treatment at a facility that allowed her to have the child with her. Following treatment, the child was formally returned to her care.

Several months later, the mother relapsed and the child was removed from her care. The State filed a petition to terminate her parental rights but the mother progressed with treatment and the district court dismissed the petition.

The court again returned the child to the mother's care. Shortly thereafter, the mother failed to comply with a department request for a drug test. She later admitted she had relapsed on methamphetamine around the time of the requested test.

Three months passed. The mother eventually submitted to a drug test in March 2015. The result was positive for methamphetamine. The child also tested positive for methamphetamine and was removed from the mother's care.

The mother continued to struggle with sobriety. She admitted to using drugs from March 2015 into June 2015. In September 2015—the same month as the termination hearing—a drug patch tested positive for methamphetamine. The mother expressed surprise at this result and laid the blame on certain medication she was taking. However, the test result separately showed the presence of methamphetamine in addition to the amphetamines arguably derived from her medicine.

Iowa Code section 232.116(1)(h) (2015) requires proof of several elements, including proof the child cannot be returned to a parent's custody. Although the mother lived in rent-free subsidized housing and stated she had a bed and toys for the child, the primary impediment to reunification was not her housing but her drug use. Commendably, the mother was attending treatment at the time of the termination hearing. But the mother previously participated in inpatient and outpatient drug treatment, without success.

We conclude the child could not be returned to the mother's custody. We affirm the district court's termination of the mother parental rights pursuant to Iowa Code section 232.116(1)(h).

## II.    *Best Interests*

Termination must be in the best interests of the child.  *See In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010).  The mother was afforded multiple opportunities to reunify with the child.  Each time, she returned to drug use.  As the guardian ad litem reported, she "has not demonstrated in the three years this case has been open that she can maintain sobriety."

The mother's drug use jeopardized the child's health and safety.  The department social worker assigned to the case cited the recent positive drug test on the child.  In addition, a professional explained that the child was traumatized by the multiple removals and placements during his forty months of life, causing him to act out in foster care.

Despite her return to drug use, the mother insists the district court should have afforded her six additional months to work toward reunification.  *See* Iowa Code § 232.104(2)(b).  In our view, the court showed extraordinary patience with the mother.  On our de novo review, we see no basis for a further extension.

We affirm the termination of the mother's parental rights to this child.

**AFFIRMED.**